Jyotin Hamid (jhamid@debevoise.com)              FILED ELECTRONICALLY
Vanessa De Simone (vsdesimo@debevoise.com)
Olga Kaplan (okaplan@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-1031

*Attorneys for Defendant Debevoise & Plimpton LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
CATHY A. DAVES,                                            :          No. 11 Civ. 8179 (DAB)
                                                           :
                                   Plaintiff,              :          ECF Case
              - against -                                  :
                                                           :
DEBEVOISE & PLIMPTON LLP,                                  :
                                                           :
                                   Defendant.              :
                                                           :
-----------------------------------------------------------x

## ANSWER OF DEFENDANT DEBEVOISE & PLIMPTON LLP

Defendant Debevoise & Plimpton LLP ("Debevoise"), by its undersigned

counsel, for its Answer to the Complaint of Plaintiff Cathy A. Daves ("Plaintiff"),

respectfully alleges as follows:

## NATURE OF CLAIMS

1.       Denies the allegations contained in paragraph 1 of the Complaint, except

(*i*) admits that Plaintiff purports to assert claims as listed in the first sentence of

paragraph 1 of the Complaint pursuant to the statutory provisions cited therein; (*ii*)

admits that Plaintiff filed with the Equal Employment Opportunity Commission

("EEOC") a Charge of Discrimination date-stamped April 14, 2010; (*iii*) admits that the

EEOC issued to Plaintiff a Notice of Right to Sue dated September 19, 2011; and (*iv*) denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff sought the issuance of a Notice of Right to Sue from the EEOC.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff is an African-American woman, that Plaintiff was employed by Debevoise starting on November 8, 2004, that Plaintiff's employment was terminated effective June 25, 2009, and that Plaintiff's job title with Debevoise was "document specialist/troubleshooter/desk backup."

## JURISDICTION AND VENUE

3. Admits that this Court has subject matter jurisdiction over this action.

4. Admits that venue is proper in this District.

## PARTIES

5. Denies the allegations contained in paragraph 5 of the Complaint, except (*i*) admits that Plaintiff is an African-American woman who was employed by Debevoise from November 8, 2004 through June 25, 2009; and (*ii*) denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff currently resides in New York, New York.

6. Admits the allegations contained in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff worked for a number of years as a document specialist, that Plaintiff was

employed by Debevoise starting on November 8, 2004, and that Plaintiff's job title with Debevoise was "document specialist/troubleshooter/desk backup."

8. Denies the allegations contained in paragraph 8 of the Complaint, except alleges that Debevoise, in keeping with its general policy, conducted one background check on Plaintiff and that, upon information and belief, a temporary agency for whom Plaintiff was employed prior to her employment with Debevoise may have conducted a separate background check on Plaintiff pursuant to such agency's own policies.

9. Denies the allegations contained in paragraph 9 of the Complaint, except (*i*) admits that Darryl Morris was, and remains, the Manager of Debevoise's Document Production department ("Document Production"); and (*ii*) respectfully refers to the performance reviews cited therein for the full contents thereof.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits that Plaintiff's "downtime percentage" for 2009 was 23%, that Christopher Beaudoin and Patrick Rooney are white males, that Mr. Beaudoin and Mr. Rooney (both of whom were assigned to a different, generally slower shift than Plaintiff) had "downtime percentages" for 2009 of 36% and 35%, respectively, and that Plaintiff, who frequently requested overtime, received the most collective overtime hours among Document Production employees between 2005 and 2008.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that Mr. Morris, the head of the Document Production department, is African-

American, that Mr. Morris was in a supervisory role with respect to Plaintiff, that Rachel

Dressler is Debevoise's Director of Human Resources, and that Ellen Grasso is white.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint, except

admits that Mr. Morris is the head of the Document Production department, that, on or

around April 30, 2008, Plaintiff complained to Mr. Morris about allegedly not being

offered overtime, and that Mr. Morris, after verifying that Plaintiff had in fact received

the most overtime hours of any employee in the department, informed Plaintiff of this

fact and asked Plaintiff, in sum and substance, to focus on her work assignments rather

than supervisory decisions.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except

admits that Plaintiff complained to Mr. Morris about seating arrangements in or around

March 2007, that Ms. Grasso and other supervisors thereafter held a meeting with Ms.

Daves in an attempt to understand and address her alleged concern, and that Plaintiff later

discussed this meeting with Mr. Morris.

20.     Denies the allegations contained in paragraph 20 of the Complaint, except

(*i*) admits that James Caulfield was an employee in the Document Production department;

and (*ii*) denies having knowledge or information sufficient to form a belief as to the truth

of allegations contained in paragraph 20 of the Complaint regarding a comment allegedly made by Mr. Caulfield.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except alleges that, in August 2007, Plaintiff complained to Mr. Morris about work assignments.

24.     Denies the allegations contained in paragraph 24 of the Complaint, except admits that, in November 2007, Plaintiff raised allegations of discrimination in the workplace to Mr. Morris.

25.     Denies the allegations contained in paragraph 25 of the Complaint, except (*i*) admits that, on or about November 12, 2007, Plaintiff provided a letter to Mr. Morris; and (*ii*) respectfully refers to such letter for the full contents thereof.

26.     Denies the allegations contained in paragraph 26 of the Complaint, except respectfully refers to the performance reviews cited therein for the full contents thereof.

27.     Denies the allegations contained in paragraph 27 of the Complaint, except respectfully refers to the performance reviews cited therein for the full contents thereof.

28.     Denies the allegations contained in paragraph 28 of the Complaint, except respectfully refers to the performance reviews cited therein for the full contents thereof.

29.     Denies the allegations contained in paragraph 29 of the Complaint, except admits that Plaintiff's supervisors periodically informed her that she needed to improve the speed of her work, including during a meeting in 2008.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.      Denies the allegations contained in paragraph 31 of the Complaint, except admits that Plaintiff initially began working with Debevoise as a temporary worker, and that some other employees in the Document Production department were also initially retained by Debevoise as temporary workers.

32.      Denies the allegations contained in paragraph 32 of the Complaint.

33.      Denies the allegations contained in paragraph 33 of the Complaint, except admits that Kathy Towson is white; that Sandra McGregor is African-American, and that Ms. McGregor was a supervisor in the Document Production department.

34.      Denies the allegations contained in paragraph 34 of the Complaint, except (*i*) admits that Trisa Robinson is an African-American woman and is a supervisor in the Document Production department; and (*ii*) denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint concerning any conversation Plaintiff may have had with Ms. Robinson on or about April 30, 2008.

35.      Denies the allegations contained in paragraph 35 of the Complaint, except admits that Timothy Moody is an employee in the Human Resources Department and that, on or about September 25, 2008, Plaintiff had a meeting with Mr. Morris and Mr. Moody, in which, among other things, Plaintiff raised allegations of discrimination in the workplace.

36.      Denies the allegations contained in paragraph 36 of the Complaint, except admits that Plaintiff was terminated as part of a Reduction in Force on June 25, 2009 and that Plaintiff was informed of her termination by Ms. Dressler (along with Mr. Morris).

37.     Denies the allegations contained in paragraph 37 of the Complaint, except admits that, in its EEOC Position Statement dated August 5, 2010, Debevoise accurately stated that it "terminated [Plaintiff] from the firm as part of a non-discriminatory reduction in force, necessitated by the ongoing economic crisis," and that Debevoise had legitimate non-discriminatory reasons for selecting Plaintiff to be included in the Reduction in Force based on performance issues that had been raised in her 2005, 2006 and 2007 performance reviews (including, but not limited to, slow work speed, inappropriate attitude toward work assignments and numerous supervisors, and inconsistent job performance), all of which were completed prior to her first complaint of alleged discrimination.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

### [ALLEGED] CONTINUING VIOLATION

39.     Denies the allegations contained in paragraph 39 of the Complaint.

### FIRST CAUSE OF ACTION

40.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-39 of the Complaint, as if fully set forth herein.

41.     Denies the allegations contained in paragraph 41 of the Complaint, except admits that Plaintiff was employed by Debevoise from November 8, 2004 through June 25, 2009.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

**SECOND CAUSE OF ACTION**

45.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-44 of the Complaint, as if fully set forth herein.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

**THIRD CAUSE OF ACTION**

49.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-48 of the Complaint, as if fully set forth herein.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

**FOURTH CAUSE OF ACTION**

54.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-53 of the Complaint, as if fully set forth herein.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint.

**FIFTH CAUSE OF ACTION**

60.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-59 of the Complaint, as if fully set forth herein.

61.     Admits that Plaintiff purports to bring a claim pursuant to Title VII of the Civil Rights Act of 1964, but denies that Plaintiff is entitled to any recovery under that statute.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

**SIXTH CAUSE OF ACTION**

64.     Repeats and  realleges each of its responses to the allegations contained in paragraphs 1-63 of the Complaint, as if fully set forth herein.

65.     Admits that Plaintiff purports to bring a claim pursuant to the New York State Executive law, but denies that Plaintiff is entitled to any recovery under that statute.

66.     Admits that paragraph 66 of the Complaint purports to quote from New York State Human Rights Law ("NYSHRL"), Executive Law § 296.

67.     States that paragraph 67 of the Complaint contains legal conclusions for which no response is required; to the extent a response is required, Debevoise states that NYSHRL, Executive Law § 296 generally prohibits unlawful discrimination or retaliation, but denies that Plaintiff is entitled to any recovery under that statute.

68.      Denies the allegations contained in paragraph 68 of the Complaint, except admits that Plaintiff raised allegations of discrimination in the workplace.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Debevoise specifically denies that Plaintiff is entitled to the relief requested or to any relief as to any of the claims set forth in the Complaint.

## GENERAL DEFENSES

Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or Plaintiff's failure to timely and/or properly exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint, and/or any damages sought, are barred, in whole or in part, by reason of Plaintiff's failure to mitigate or avoid damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive damages because punitive damages are not available under the NYSHRL and Title VII and because Debevoise has an antidiscrimination policy in place and did not commit, ratify, authorize, or acquiesce in any malicious, willful or reckless conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Debevoise, or to otherwise avoid the harm alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because Debevoise did not aid, abet, ratify, condone, encourage or otherwise acquiesce in any alleged discriminatory or retaliatory conduct.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint, and/or any damages sought, are barred, in whole or in part, by the factors listed in Section 8-107(13)(d) and (e) of the NYSHRL.

## RESERVATION OF RIGHTS

Debevoise reserves the right to amend this Answer and to assert additional defenses, affirmative defenses or to supplement, alter or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of its investigation and discovery.

## PRAYER FOR RELIEF

Wherefore, Debevoise respectfully requests that this Court dismiss Plaintiff's claims in their entirety, enter judgment in favor of Debevoise, and grant Debevoise such other relief as the Court deems just and proper.

Dated:      New York, New York
            December 9, 2011
                            DEBEVOISE & PLIMPTON LLP


                            By:  /s/ Jyotin Hamid_____

                                Jyotin Hamid (jhamid@debevoise.com)
                                Vanessa De Simone (vsdesimo@debevoise.com)
                                Olga Kaplan (okaplan@debevoise.com)
                            919 Third Avenue
                            New York, New York 10022
                            (212) 909-1031

                            *Attorneys for Debevoise & Plimpton LLP*