RECEIVED
MAR 2 3 2012
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CATHY A. DAVES,

       Plaintiff,

- against -

DEBEVOISE & PLIMPTON LLP,

       Defendant.
-------------------------------------------------------x

11 Civ 8179 (DAB)
ECF Case

[JOINT ~~PROPOSED~~] DAB 4/11/12
CONFIDENTIALITY
STIPULATION AND ORDER

  WHEREAS Plaintiff Cathy A. Daves ("Daves") and Defendant Debevoise & Plimpton LLP ("Debevoise") (collectively the "Parties") are currently engaged in discovery pursuant to the Federal Rules of Civil Procedure; and

  WHEREAS some information contained in documents and other discovery sought by the Parties may be of a confidential and/or proprietary nature; and

  WHEREAS the purpose of this Confidentiality Stipulation and Order is to permit the Parties to disclose such documents and information to each other pursuant to procedures that are designed to protect the confidentiality of that material;

  IT IS HEREBY AGREED AND ORDERED as follows:

  1. "Confidential" information as used herein means any type or classification of document or information, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information that a Party designates as Confidential (in accordance with the procedures

described herein) and believes in good faith contains any personnel, financial, proprietary, medical, confidential or personal information, the disclosure of which the Party in good faith believes would invade the confidentiality or privacy of any Party or any current or former employee of Debevoise. Information designated as Confidential shall not be disclosed, given, shown, discussed or otherwise communicated or made available to anyone except as provided herein.

Documents, information and things produced by a Party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories, may be designated by such Party as "CONFIDENTIAL" at the time of production. After such time, a document, information or thing may be designated as "CONFIDENTIAL" in writing, by any Party, provided that any such designation shall be within a reasonable time after disclosure.

All transcripts and exhibits from depositions taken in this action shall be deemed Confidential for thirty (30) days after receipt of a copy of said deposition transcript and exhibits by counsel of record for each of the Parties hereto. Each Party may, during said thirty (30) day period, designate as "CONFIDENTIAL" any portion of said transcript and exhibits. If no such designation is made within said thirty (30) day period, the transcript and exhibits shall be deemed not to contain Confidential information. Where only a portion of a deposition transcript contains Confidential information, only such portion of the transcript may be so designated. Any portions of a deposition transcript designated "CONFIDENTIAL" and any deposition exhibits so designated shall be bound separately and treated accordingly.

2. In accordance with the provisions of paragraph 4 below, Confidential information may be disclosed only to "Qualified Persons" who shall read this Confidentiality Stipulation and Order and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. Qualified Persons means (a) counsel to the Parties to this proceeding and the paralegal, clerical and secretarial staff employed by such counsel; (b) the Parties (and any corporate successor or affiliate) to the action, which in the case of Debevoise shall include partners and employees of Debevoise deemed necessary to aid counsel in the defense of the action; (c) witnesses and potential witnesses including expert witnesses (whether or not retained to testify) utilized by counsel in connection with the litigation; (d) court reporters and stenographers engaged to transcribe depositions or proceedings in this action; and (e) the U.S. District Court for the Southern District of New York and, if appropriate, the U.S. Court of Appeals for the Second Circuit (the "Court") and its staff. The foregoing definition of Qualified Persons is without prejudice to a redefinition of such term by agreement of the Parties at an appropriate future time so as to include additional categories of persons.

3. Any information, whether oral or written, designated Confidential may be disclosed only to Qualified Persons who, prior to such disclosure, shall have read this Confidentiality Stipulation and Order and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the Parties may sign this Confidentiality Stipulation and Order on behalf of the Party they represent and those Qualified Persons who are members of or employed by their respective firms, and

(ii) Confidential information may be disclosed to those Qualified Persons described in paragraph 2(e) immediately upon execution of this Confidentiality Stipulation and Order without further action on their part. By signing Exhibit A, each Qualified Person agrees that he or she shall be bound by the terms of this Confidentiality Stipulation and Order. All endorsed copies of Exhibit A shall be retained by the Party's counsel that requested the Qualified Person's endorsement, and need not be disclosed to the opposing Party or their counsel unless an issue arises in good faith concerning any Qualified Person's compliance with this Confidentiality Stipulation and Order.

4. Each Qualified Person shall maintain all Confidential information disclosed to him or her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential information except in connection with the preparation for any pretrial proceeding (including, for example, any and all motions or discovery requests, as well as all papers submitted to the Court) or the trial of this action; except that nothing shall prevent disclosure beyond the terms of this Confidentiality Stipulation and Order prior to trial if the producing Party consents in writing to such disclosure, or if such disclosure is accomplished with the approval of the Court.

5. Unless otherwise agreed in writing in advance by counsel for the producing Party, in the event the receiving Party files with the Court any motion, exhibit or other paper containing or reflecting Confidential information, such page in the motion, exhibit or paper containing the Confidential information shall be filed under seal by hand in accordance with the rules of the Court and bear the following legend.

THE DOCUMENT IS FILED UNDER SEAL AND IS
SUBJECT TO A COURT ORDER REGARDING
CONFIDENTIAL INFORMATION

A redacted copy of the document shall be filed in the public record. All materials kept under seal shall be available to the court in which they are filed and to counsel for the Parties for viewing and/or copying. If a Party contends that a court filing is improperly redacted, the Party, after good faith efforts to resolve the issue with the other Party, shall notify the Court in writing of the basis of its contention. Nothing in this paragraph shall require a Party to deviate from applicable court rules regarding the filing of documents under seal. Nothing in this paragraph shall require a producing Party to file its own court filings containing Confidential information under seal.

6. In the event that a Party objects to the designation of certain information as Confidential, counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If a resolution is not reached, either Party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential under the terms of this Confidentiality Stipulation and Order.

7. A producing Party's inadvertent failure to designate material as Confidential in accordance with the terms of this Confidentiality Stipulation and Order will not preclude a later designation that such materials are Confidential provided, however, that if another Party treats such information as non-confidential before being informed that that information should have been designated as Confidential such pre-designation treatment shall not be a violation of this Confidentiality Stipulation and Order.

8. Documents falling under the protection of the attorney-client privilege or attorney work product doctrine that have been inadvertently disclosed to an opposing Party shall be treated in accordance with Fed. R. Civ. P 26(b)(5)(B).

9. All documents and information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever.

10. Nothing in this Confidentiality Stipulation and Order shall prejudice any Party from seeking any modification of this Confidentiality Stipulation and Order.

11. At the conclusion of this proceeding, including all appeals, each Party and their counsel shall, upon request, return to the other Party's counsel all Confidential information, including all copies thereof. Receipt of such documentary material, if requested shall be acknowledged by each Party's counsel in writing. The Parties may comply with this paragraph by agreeing upon an appropriate method of destruction of such Confidential information.

12. This Confidentiality Stipulation and Order shall be binding on all Qualified Persons. It is enforceable by any sanction deemed appropriate by the Court.

13. The terms of this Confidentiality Stipulation and Order shall survive and remain in full force and effect after the termination of this Case.

**SO ORDERED:**

**DATED:**      New York, New York          *Deborah A. Batts*
                                            DEBORAH A. BATTS, U.S.D.J
                                            4/11/12

**AGREED:**

| | |
|---|---|
| GISKAN SOLTAROFF ANDERSON & STEWART LLP | DEBEVOISE & PLIMPTON LLP |
| By: *[signature]* | By:_____ |
| Darnley D. Stewart<br>*dstewart@gslawny.com* | Jyotin Hamid<br>*jhamid@debevoise.com*<br>Vanessa De Simone<br>*vsdesimo@debevoise.com*<br>Olga Kaplan<br>*okaplan@debevoise.com* |
| 11 Broadway, Suite 2150<br>New York, New York 10004<br>(212) 500-5106 | 919 Third Avenue<br>New York, New York 10022<br>(212) 909-6000 |
| *Attorneys for Plaintiff Cathy A. Daves* | *Attorneys for Defendant Debevoise & Plimpton LLP* |

**AGREED:**

| | |
|---|---|
| GISKAN SOLTAROFF ANDERSON & STEWART LLP | DEBEVOISE & PLIMPTON LLP |
| By:_____ | By:_____ |
| Darnley D. Stewart *dstewart@gslawny.com* | Jyotin Hamid *jhamid@debevoise.com* Vanessa De Simone *vsdesimo@debevoise.com* Olga Kaplan *okaplan@debevoise.com* |
| 11 Broadway, Suite 2150 New York, New York 10004 (212) 500-5106 | 919 Third Avenue New York, New York 10022 (212) 909-6000 |
| *Attorneys for Plaintiff Cathy A. Daves* | *Attorneys for Defendant Debevoise & Plimpton LLP* |

EXHIBIT A

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order dated March ___, 2012, in the action entitled *Cathy A. Daves v. Debevoise & Plimpton LLP, Case No. 11 Civ. 8179 (DAB)*, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the U.S. District Court for the Southern District of New York with respect to any controversy arising out of an alleged violation of the Confidentiality Stipulation and Order.

_____        _____
Date                                                              Signature

                                                                        _____
                                                                        Name Printed